UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN MALLETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF DUNKLIN, )<br>BOB HOLDER, Sheriff, )<br>BOB HORTON, Food Service Manager, )<br>KRISTA WARD, Chief Correctional Officer, )<br>and WALLY POINER (POYNER), )<br>Chief Deputy, )<br>)<br>Defendants. ) | Case No. 1:04CV 174 LMB |

## ORDER

Currently pending before the court is "Defendant Dunklin County, Bob Holder, Bob Horton, Food Service Manager, Krista Ward, and Wally Poiner's (Poyner's) Motion to Dismiss Plaintiff's Complaint for Discovery Violations and Awarding Attorney's Fees and Costs." (Doc. No. 28). In their motion, defendants state that they served upon the plaintiff a proper notice of a deposition of plaintiff to take place on January 18, 2007. Defendants' attorney and a certified court reporter appeared for the deposition at the scheduled time and place. Plaintiff failed to appear. The court reporter made a record of the appearance by the defendants' attorney and the non-appearance of plaintiff.

In response to defendants' motion, plaintiff has written a letter to the court, in which he first states that he was unable to appear at his deposition because he did not have transportation.

(Doc. No. 30). Plaintiff then states his belief that he was not legally required to appear at his deposition because the court did not issue an order directing him to appear. Plaintiff requests that the court grant him his day in court.

Rule 37(d) of the Federal Rules of Civil Procedure provides that upon the failure of a party to attend his own deposition after receiving proper notice, the court on motion may make such orders as are just including, among other actions, issuing orders striking out pleadings, or parts of pleadings, or staying proceedings until the deposition is taken or dismissing the case or any part of the case or rendering a judgment of default against the disobedient party. In addition to or in lieu of ordering the sanctions described above, the court shall require the party failing to act to pay the reasonable expenses including attorney fees caused by the failure.

The plaintiff should be aware that there could be imposed on him any of the sanctions listed above upon a finding that the plaintiff failed to appear at his own deposition intentionally.

The court does find that the plaintiff did fail to appear at his own deposition after proper notice and that he did so intentionally. Plaintiff admits that he chose not to appear at his deposition because he felt he was not required to appear. The court, however, has previously cautioned plaintiff that even though he is <u>pro se</u>, he is required to follow the Federal Rules of Civil Procedure.

The dismissal of a case for failure to comply with discovery is a drastic action which should be employed as a last resort. At the same time, as the defendants say in their motion to dismiss plaintiff's complaint that they are prejudiced by the failure of the plaintiff to appear and, thus, are deprived of the opportunity to develop the facts to form the basis of a motion for summary judgment.

Because dismissal of plaintiff's complaint is drastic, plaintiff will be granted another opportunity to appear to have his deposition taken. However, there are conditions. Before plaintiff will be granted a second opportunity to appear to have his deposition taken, he will be required to

pay the expenses incurred by defendants, including attorney fees, because of plaintiff's failure to appear. If plaintiff pays these expenses, he will be permitted to appear to have his deposition taken, and he will be given the opportunity to have his day in court.

**IT IS, THEREFORE, ORDERED** that defendants shall submit within 10 days of this Order a list of itemized expenses incurred in defendants' attorney's appearance at the scheduled deposition on January 18, 2007, including the expenses connected with the attendance and record of the certified court reporter.

If the court approves the expenses incurred for the deposition as well as the attorney's fees of defendants' attorney, an order shall issue requiring plaintiff to pay the reasonable expenses and attorney's fees. If plaintiff pays these reasonable expenses and attorney's fees, he shall be permitted to appear to have his deposition taken.

Failure of the plaintiff to pay the approved expenses and reasonable attorney fees will result in the dismissal of plaintiff's complaint.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February , 2007.